# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MICHAEL BRISTOL, | Case No.  1:15-cv-00846-SAB (HC) |
| Petitioner, | ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION AND NAME A PROPER RESPONDENT |
| v. | |
| CALIFORNIA DIVISION OF PAROLE, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 29, 2015, Petitioner filed the instant petition challenging his 2011 conviction in Kern County Superior Court for attempting to commit a lewd or lascivious act upon a child under the age of 14 and annoying or molesting a child under the age of 18. Petitioner argues that the trial court erroneously admitted evidence of his prior sexual offense.  He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF No. 5).

**I.**

**LEAVE TO FILE A MOTION TO AMEND**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

1

plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

In this case, Petitioner names "California Division of Parole" as the Respondent. It is insufficient to name "California Division of Parole" as the Respondent. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the name of the warden of his facility or the chief officer in charge of state penal institutions. See Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (allowing petitioner to amend petition to name proper respondent). In the interests of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

///

///

**II.**

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent. Failure to amend the petition and name a proper respondent will result in the petition being dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **June 23, 2015**

UNITED STATES MAGISTRATE JUDGE